1  Joseph A. Creitz, Cal Bar No. 169552
2  Email: joseph.creitz@gmail.com
   LAW OFFICE OF JOSEPH CREITZ
3  22 Battery Street, Suite 1000
   San Francisco, CA 94111
4  Telephone: (415) 269-3675
5  Facsimile: (415) 513-4475    **E-filing**

6  Joseph A. Garofolo, Cal. Bar No. 214614
7  Email: erisalaw@sbcglobal.net
   LAW OFFICE OF JOSEPH A. GAROFOLO
8  22 Battery Street, Suite 1000
9  San Francisco, CA  94111
10 Telephone: (415) 981-9775
   Facsimile: (415) 981-9776

11
12 Attorneys for Plaintiff

13         **IN THE UNITED STATES DISTRICT COURT**

14      **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15 LENA MONZON RAMOS,            Case No.

16            Plaintiff,

17 vs.                          COMPLAINT FOR
                                VIOLATIONS OF THE
18                              EMPLOYEE RETIREMENT
19 BANK OF AMERICA, a corporation,  INCOME SECURITY ACT OF 1974
   in its capacity as administrator of the
20 BANK OF AMERICA LONG TERM
   DISABILITY PLAN;
21 METROPOLITAN LIFE
22 INSRURANCE COMPANY, a
   corporation, in its capacities as a
23 fiduciary and an administrator of the
   BANK OF AMERICA LONG TERM
24 DISABILITY PLAN; and BANK OF
25 AMERICA LONG TERM
   DISABILITY PLAN an ERISA-
26 regulated employee benefit plan,
27
28            Defendants.

1

1

2                                    **JURISDICTION**

3          1.      Jurisdiction of this Court is based on the Employee Retirement

4    Income Security Act of 1974, as amended ("ERISA"), and in particular, ERISA §§

5    502(e)(1) and (f), 29 U.S.C. §§ 1132(e)(1) and (f). Those provisions give the

6    district courts jurisdiction to hear civil actions brought to recover benefits due

7    under the terms of an employee welfare benefit plan. In addition, this action may

8    be brought before this Court pursuant to 28 U.S.C. § 1331, which gives the district

9    courts jurisdiction over actions that arise under the laws of the United States.

10   Pursuant to ERISA § 502(h), a copy of this Complaint has been served upon the

11   United States Secretary of Labor, and the United States Secretary of the Treasury.

12                                       **VENUE**

13         2.      Venue is proper under ERISA § 502(e)(2), 29 U.S.C. §1132(e)(2), in

14   that the employee benefit plan that is the subject of Plaintiff's claims is

15   administered in this District and/or the breaches described below occurred within

16   the territorial limits of this District and/or a defendant may be found within the

17   territorial limits of this District.

18                                      **PARTIES**

19         3.      Lena Monzon Ramos (hereinafter "Lena Ramos" and/or "Plaintiff")

20   is, and at all times mentioned herein was, a participant, within the meaning of

21   ERISA § 3(7), 29 U.S.C. § 1002(7), in the BANK OF AMERICA LONG TERM

22   DISABILITY PLAN. Plaintiff is, and at all times mentioned herein was, a

23   California resident, residing in Pittsburg, California.

24         4.      Defendant BANK OF AMERICA LONG TERM DISABILITY

25   PLAN (the "Plan") is, and at all times mentioned herein was, an employee welfare

26   benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1),

27

28

                                            2

1  administered in San Francisco County, California.  The Plan may be sued as an

2  entity pursuant to ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1).

3      5.    Defendant BANK OF AMERICA ("BofA") is, and at all times

4  mentioned herein was, a corporation formed under the laws of the state of

5  Delaware; with is principal place of business in Charlotte, North Carolina; licensed

6  to do business in California; and doing business throughout the state of California.

7  BofA is, and all times mentioned herein was, the sponsor of the Plan and serves as

8  the named administrator of the Plan within the meaning of ERISA § 3(16)(A)(i),

9  29 U.S.C. § 1002(16)(A)(i).  As plan administrator, BofA is, and at all times

10 mentioned herein was, a fiduciary within the meaning of ERISA § 3(21)(A), 29

11 U.S.C. § 1002(21)(A).

12     6.    Defendant METROPOLITAN LIFE INSURANCE COMPANY

13 ("METLIFE") is, and at all times mentioned herein was, a corporation formed

14 under the laws of the state of New York, with its principal place of business in

15 New York, New York; licensed to do business in California, and doing business

16 throughout the state of California.  Plaintiff is informed and believes and thereon

17 alleges that BofA delegated its duties as plan administrator to METLIFE, which

18 functioned as the plan administrator of the Plan, exercised discretion over

19 administration of the Plan, including but not limited to making benefits

20 determinations, and is the entity that funds the benefits herein alleged due under

21 the Plan.  As such, METLIFE is a plan administrator within the meaning of ERISA

22 § 3(16)(A), 29 U.S.C. § 1002(16)(A).  As plan administrator, and as an entity that

23 exercised discretion over Plan administration, METLIFE is, and at all times

24 mentioned herein was, a fiduciary within the meaning of ERISA § 3(21)(A), 29

25 U.S.C. § 1002(21)(A).  As a fiduciary that makes benefit determinations and funds

26 those same benefit determinations, METLIFE operates under an inherent conflict

27 of interest.  METLIFE is a "person who must be joined as a party" because "in [its]

28

3

1    absence the court cannot accord complete relief" within the meaning of Federal
2    Rule of Procedure 19.

3    **FACTUAL ALLEGATIONS**

4        7.    Plaintiff Lena Ramos was an employee of Defendant BofA.  On her
5    last day of work, November 11, 2004, she held the title "Senior Operations
6    Representative."  Plaintiff is now and at all times relevant hereto has been
7    suffering from debilitating illnesses diagnosed, *inter alia*, as chronic asthma,
8    congestive heart failure, mitral insufficiency, mitral stenosis, aortic insufficiency,
9    and chronic migraine headaches.  As a result of these conditions, Plaintiff is fully
10    disabled and unable to perform any of the functions of her prior job.

11        8.    MetLife exercised its fiduciary discretion over Plan administration so
12    as to approve Plaintiff's application for short-term disability benefits from running
13    from November 19, 2004, though June 2, 2005.

14        9.    In February 2005, MetLife informed Plaintiff of her eligibility to
15    apply for long-term disability ("LTD") benefits under the Plan.  Plaintiff submitted
16    a timely application for LTD benefits and on or about March 23, 2005, MetLife
17    exercised its fiduciary discretion over Plan administration so as initially to deny the
18    claim.  On or about May 18, 2005, Plaintiff Lena Ramos filed a timely and proper
19    appeal of MetLife's administrative determination denying her LTD benefits,
20    wherein all materials and medical records requested in the March 23, 2005 denial
21    were provided to MetLife.  Included in the records provided was a "Disability
22    Claim Supplemental Attending Physician Statement" (a MetLife-provided form),
23    whereupon Plaintiff's treating physician indicated, *inter alia*, that Plaintiff suffered
24    from extreme coughing, asthma attacks, that Plaintiff's condition was permanent,
25    and that Plaintiff was completely unable to work.  On or about June 20, 2005, Met
26    Life exercised its fiduciary discretion over Plan administration so as to deny
27    Plaintiff's administrative appeal.  METLIFE's denial was made without further or
28    sufficient investigation of the claim, or any request for additional information.

4

1  Both denials failed to articulate what additional information Plaintiff could have or
2  should have provided in order to perfect her claim.

3       10.    Subsequently, the United States Social Security Administration
4  granted Plaintiff Lena Ramos application for disability benefits, holding that, since
5  November 16, 2004, she has and had been completely disabled. Plaintiff has
6  exhausted her administrative appeals, and satisfied all other conditions precedent to
7  suit.

8       11.    Plaintiff has exhausted her administrative appeals, and satisfied all
9  other conditions precedent to suit.

10       12.    On or about May 30, 2007, Plaintiff, through her counsel, requested
11  pursuant to ERISA section 502(c) that BofA, as named Plan Administrator,
12  provide all the materials required by it to be maintained and provided on request,
13  including *inter alia*, all applicable Plan documents, and the administrative record
14  of Plaintiff's LTD claim and appeals. On or about June 27, 2007, BofA responded
15  to that request with a set of Plan Documents, but declined to provide the
16  administrative record.

17  ### FIRST CAUSE OF ACTION

18  
19  **(Claim for LTD Benefits and for Clarification of Rights to**
    **Future Benefits Under the Terms of the Plan pursuant to**
20  **ERISA § 502(a)(1)(B))**

21  **[against all Defendants]**

22       13.    Plaintiff realleges and incorporates by reference all allegations
23  contained in paragraphs 1 through 12, as if fully stated herein.

24       14.    ERISA § 503, 29 U.S.C. § 1133, and 29 C.F.R. § 2560.503-1 require
25  every employee benefit plan, including an employee welfare benefit plan, to
26  follow certain minimum procedures pertaining to claims for benefits and to
27  provide "adequate notice in writing" to participants whose claims for benefits
28  under a plan have been denied. 29 C.F.R. § 2560.503-1(b)(5) requires that claims

1  procedures contain administrative processes and safeguards designed to ensure

2  and verify that benefit claim determinations are made in accordance with

3  governing plan documents and that, where appropriate, plan provisions have been

4  applied consistently with respect to similarly situated claimants.

5     15.   Employee benefit plans must further afford a reasonable opportunity

6  for participants to receive a "full and fair review" after a claim for benefits has

7  been denied. ERISA's claims regulation, 29 C.F.R. § 2560.503.1-(g) requires that

8  communications denying benefits must be clear and presented in language that an

9  ordinary participant can understand, and further requires plan administrators to

10  inform participants in such communications what additional information they

11  could should have provided in order to perfect their claim.

12     16.   In committing the acts and omissions herein alleged, Defendants have

13  violated ERISA § 503, 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1.

14     17.   Plaintiff is informed and believes, and thereon alleges, that

15  Defendants have also violated 29 C.F.R. § 2560.503-1(b)(5) by providing benefits

16  to other participants under circumstances similar to those of the Plaintiff.

17     18.   Defendant METLIFE's benefit determination is contrary to the

18  documents and instruments governing the Plan, and is also inconsistent with the

19  reasonable expectations of Plaintiff to receive LTD benefits under the Plan based

20  upon her total disability.

21     19.   As a result of the violations of ERISA by Defendants, and the Plan's

22  failure to pay benefits to which Plaintiff is entitled, Plaintiff is entitled to recovery

23  pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), which permits

24  recovery of benefits due under the terms of an employee benefit plan.

25     20.   Plaintiff is further entitled to a clarification of her rights to future

26  benefits under the terms of the Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C.

27  § 1132(a)(1)(B).

28

6

## SECOND CAUSE OF ACTION

### (Breaches of Fiduciary Duty)

### [against Defendants BofA and METLIFE]

21.    Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1 through 20, as if fully stated herein.

22.    ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), requires fiduciaries to discharge their duties solely in the interests of employee benefit plan participants and beneficiaries and for the exclusive purpose of providing benefits and defraying reasonable expenses of administering the plan.

23.    ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), requires fiduciaries to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

24.    ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), requires fiduciaries to discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of ERISA.

25.    In committing the acts and omissions herein alleged, Defendants BofA and METLIFE have breached their fiduciary duties in violation of ERISA §§ 404(a)(1)(A)(B) and (D), 29 U.S.C. §§ 1104(a)(1)(A)(B) and (D).

26.    Plaintiff is informed and believes, and thereon alleges, that Defendant has awarded LTD or other comparable benefits to other participants under circumstances similar to those of the Plaintiff.  The failure to provide LTD benefits to Plaintiff it has done so for other Plan participants in similar circumstances constitutes a breach of its fiduciary duties in violation of ERISA §§ 404(a)(1)(A) and (B), 29 U.S.C. §§ 1104(a)(1)(A) and (B), wherefore Plaintiff is entitled to appropriate equitable relief.

7

1

2

3

## THIRD CAUSE OF ACTION

### (Failure to Provide Documents)

### [Against Defendant BofA]

4    27.    Plaintiff realleges and incorporates by reference all allegations

5    contained in paragraphs 1 through 22, as if fully stated herein

6    28.    ERISA §502(c), 29 U.S.C. § 1132(c) requires Plan Administrators to

7    provide, upon request and within 30 days, all documents required under ERISA to

8    be maintained and provided to participants.

9    29.    By failing to timely provide Plaintiff with a copy of the

10   administrative record of her claims and appeals on or before the end of June, 2007,

11   Defendant BofA violated ERISA section 502(c), 29 U.S.C. § 1132(c).  Wherefore,

12   Plaintiff is entitled to a penalty of $110 per day, running from the 30th day

13   following her written request for such materials, until the materials are provided.

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

8

1

## **PRAYER FOR RELIEF**

2    WHEREFORE, Plaintiff prays for judgment as follows:

3    A.    For LTD benefits under the Plan pursuant to ERISA § 502(a)(1)(B),

4    29 U.S.C. § 1132(a)(1)(B);

5    B.    For an award of benefits and an order clarifying Plaintiff's right to

6    future benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

7    C.    For appropriate equitable relief pursuant to ERISA § 502(a)(3), 29

8    U.S.C. § 1132(a)(3), including but not limited to a declaration of her rights

9    hereunder with respect to each Defendant;

10    D.    For penalties under ERISA § 502(c) in the amount of $110 per day

11    for each day from July 2007 to the date that the documents are produced, or the

12    date of judgment, whichever is earlier;

13    E.    For reasonable attorneys' fees and costs incurred by Plaintiff in the

14    prosecution of this action pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

15    F.    For pre-judgment interest and post-judgment interest on any and all

16    amounts awarded to Plaintiff; and

17    G.    For all such other relief as the Court deems equitable and just.

18    DATED this 11th day of March 2008.

19                              LAW OFFICE OF JOSEPH A. GAROFOLO

20
21                              LAW OFFICE OF JOSEPH A. CREITZ

22
23                              By
24                                  Joseph A. Creitz
25                                  Attorneys for Plaintiff Lena Ramos
26
27
28

9

JS 44 (Rev. 12/07) (cand rev 1-16-08)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**
E-filing

LENA MONZON RAMOS,

**DEFENDANTS**

BANK OF AMERICA, BANK OF AMERICA LONG TERM DISABILITY PLAN, and METROPOLITAN LIFE INSURANCE CO.

**(b)** County of Residence of First Listed Plaintiff  Contra Costa, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    San Francisco, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Joseph A. Creitz and Joseph A. Garofolo
22 Battery Street, Suite 1000
San Francisco, CA 94111
415.269.3675 and 415.981.9775

Attorneys (If Known)

unkown

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 | U.S. Government Plaintiff |
| ☒ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant |
| ☐ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | | PTF | DEF |
|---|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | **PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☒ 791 Empl. Ret. Inc. | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | |
|---|---|
| ☒ 1 Original Proceeding | |
| ☐ 2 Removed from State Court | |
| ☐ 3 Remanded from Appellate Court | |
| ☐ 4 Reinstated or Reopened | |
| ☐ 5 another district (specify) | Transferred from |
| ☐ 6 Multidistrict Litigation | |
| ☐ 7 Judge from Magistrate Judgment | Appeal to District |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3), and 1132(c)

Brief description of cause:
Failure to pay required disability benefits, breach of fiduciary duty, failure to provide documents

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $**   CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)   ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE  3/10/2007   SIGNATURE OF ATTORNEY OF RECORD

```
Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611016808
Cashier ID: bucklem
Transaction Date: 03/11/2008
Payer Name: joseph a creitz
-----------------------------------
CIVIL FILING FEE
 For: lena ramos
 Case/Party: D-CAN-3-08-CV-001375-001
 Amount:       $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 3472
 Amt Tendered: $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

sc


Checks and drafts are accepted
  subject to collections and full
  credit will only be given when the
check or draft has been accepted by
the financial institution on which
it  was drawn.
```