SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL  Bar No. 99802
SHAWN M. WROBEL Bar No. 230030
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendants
Metropolitan Life Insurance Company and
Bank of America Long Term Disability Benefits Plan
(erroneously sued as Bank of America Long Term Disability Plan)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENA MONZON RAMOS,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA; METROPOLITAN LIFE INSURANCE COMPANY; BANK OF AMERICA LONG TERM DISABILITY PLAN,<br><br>    Defendants. | CASE NO. CV 08-01375 PJH<br><br>**DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY AND BANK OF AMERICA LONG TERM DISABILITY BENEFITS PLAN'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants Metropolitan Life Insurance Company ("MetLife") and Bank of America Long Term Disability Benefits Plan, erroneously sued herein as Bank of America Long Term Disability Plan (the "Plan") (collectively, "Defendants") respond to Plaintiff Lena Monzon Ramos's Complaint on file herein, as follows:

1. To the extent that paragraph 1 of the Complaint consists of legal conclusions, Defendants are not required to respond. To the extent such allegations may be deemed factual in nature, Defendants admit that this action is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. section 1001, et seq., and further admit that this Court has jurisdiction over the action. The remaining factual allegations of paragraph 1 of the

-1-   CASE NO. CV 08-01375 PJH

SF/1500329v1

DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY AND BANK OF AMERICA LONG TERM DISABILITY BENEFITS PLAN'S ANSWER TO PLAINTIFF'S COMPLAINT

Complaint are denied.

2. To the extent that paragraph 2 of the Complaint consists of legal conclusions, Defendants are not required to respond. To the extent that paragraph 2 of the Complaint consists of factual allegations, Defendants state that MetLife conducts business within the jurisdictional limits of this Court. All remaining factual allegations in paragraph 2 of the Complaint are denied, and Defendants expressly deny that any breach occurred.

3. To the extent that paragraph 3 of the Complaint consists of legal conclusions, Defendants are not required to respond. To the extent that paragraph 3 of the Complaint consists of factual allegations, Defendants admit that at certain relevant times Plaintiff was a participant in the Plan. Defendants are also informed and believe that at certain relevant times, Plaintiff submitted documents indicating that she resided in Pittsburg, California. All remaining factual allegations in paragraph 3 of the Complaint are denied.

4. To the extent that paragraph 4 of the Complaint consists of legal conclusions, Defendants are not required to respond. To the extent that paragraph 4 of the Complaint consists of factual allegations, Defendants admit that the Plan is an employee welfare benefit plan as defined by 29 U.S.C. § 1002(1). All remaining factual allegations in paragraph 4 of the Complaint are denied, and Defendants expressly deny that the Plan is administered in San Francisco County, California.

5. To the extent that paragraph 5 of the Complaint consists of legal conclusions, Defendants are not required to respond. To the extent that paragraph 5 of the Complaint consists of factual allegations, Defendants admit that Bank of America ("BofA") is the Plan Administrator of the Plan. All remaining factual allegations in paragraph 5 of the Complaint are denied.

6. To the extent that paragraph 6 of the Complaint consists of legal conclusions, Defendants are not required to respond. To the extent that paragraph 6 of the Complaint consists of factual allegations, Defendants admit that MetLife is a corporation formed under the laws of the state of New York, is licensed to do business in California, does business in California, and that, at relevant times, MetLife issued a group policy of long term disability ("LTD") insurance to fund benefits payable under the Plan to certain eligible participants subject to all of the terms and

conditions of the Plan, and that MetLife was at relevant times the claim administrator of the Plan. All remaining factual allegations in paragraph 6 of the Complaint are denied, and although Defendants further admit that the Plan grants discretionary authority to MetLife to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan, they expressly deny that the duties of the Plan Administrator were delegated to or performed by MetLife, and expressly deny that any decision at issue in this action was influenced or affected by any alleged conflict of interest on the part of MetLife.

7.     To the extent that paragraph 7 of the Complaint consists of legal conclusions, Defendants are not required to respond. To the extent that paragraph 7 of the Complaint consists of factual allegations, Defendants admit that at certain relevant times Plaintiff was an employee of BofA as a "senior operations representative." Defendants state that that documents submitted by Plaintiff in connection with her claims for Plan benefits indicate that she reported various alleged medical conditions that she claimed rendered her disabled. Defendants deny the remaining factual allegations in paragraph 7 of the Complaint, and expressly deny that Plaintiff is or at any relevant time was disabled under the terms of the Plan and/or eligible for any Plan benefit or other relief sought in her Complaint.

8.     In response to paragraph 8 of the Complaint, Defendants admit that MetLife, on behalf of BofA's short term disability program, approved Plaintiff's application for short-term disability benefits for the period from November 19, 2004, through June 2, 2005. All remaining factual allegations in paragraph 8 of the Complaint are denied, and Defendants expressly deny that Plaintiff's claim for short term disability benefits was made to or paid under the Plan.

9.     In response to paragraph 9 of the Complaint, Defendants admit that MetLife sent Plaintiff a letter on February 21, 2005, which speaks for itself, along with forms to begin a claim for LTD benefits. Defendants also admit that Plaintiff submitted an application for LTD benefits, that MetLife sent Plaintiff a letter on March 23, 2005, informing her of its decision to deny her claim for LTD benefits, and that MetLife's denial of Plaintiff's clam was an exercise of its discretion as claim administrator of the Plan. Defendants further admit that Plaintiff filed an appeal of the denial and provided certain additional information and records as part of that appeal.

Defendants admit that MetLife sent Plaintiff a letter on June 20, 2005, informing her of its discretionary decision to uphold the denial of benefits on appeal. All remaining factual allegations in paragraph 9 of the Complaint are denied, and Defendants expressly deny that MetLife's denial was made without sufficient investigation, and deny that MetLife failed to fully comply with applicable ERISA regulations regarding communications with Plan participants in connection with a claim or appeal.

10. To the extent that paragraph 10 of the Complaint consists of legal conclusions, Defendants are not required to respond. To the extent that paragraph 10 of the Complaint consists of factual allegations, Defendants lack information upon which to form a belief as to Plaintiff's dealings with the United States Social Security Administration and therefore deny the factual allegations of paragraph 10.

11. Defendants deny the allegations of paragraph 11 of the Complaint.

12. In response to paragraph 12 of the Complaint, Defendants lack information upon which to form a belief as to Plaintiff's alleged communications with BofA, and therefore deny the allegations of paragraph 12.

13. In response to paragraph 13 of the Complaint, Defendants incorporate herein by reference, as though set forth in full, paragraphs 1 through 12 above, inclusive.

14. Paragraph 14 of the Complaint consists solely of legal conclusions and Defendants are therefore not required to respond.

15. Paragraph 15 of the Complaint consists solely of legal conclusions and Defendants are therefore not required to respond.

16. To the extent that paragraph 16 of the Complaint consists of legal conclusions, Defendants are not required to respond. To the extent that paragraph 16 of the Complaint consists of factual allegations, Defendants deny all factual allegations of paragraph 16, and expressly deny that they have violated ERISA.

17. To the extent that paragraph 17 of the Complaint consists of legal conclusions, Defendants are not required to respond. To the extent that paragraph 17 of the Complaint consists of factual allegations, Defendants deny all factual allegations of paragraph 17, and

expressly deny that they have violated 29 C.F.R. § 2560.503-1(b)(5).

18. To the extent that paragraph 18 of the Complaint consists of legal conclusions and arguments, Defendants are not required to respond. To the extent that paragraph 18 of the Complaint consists of factual allegations, Defendants deny all allegations of paragraph 18, expressly deny that MetLife acted contrary to the Plan, and deny that Plaintiff is or at any relevant time was disabled under the terms of the Plan and/or eligible for Plan benefits.

19. To the extent that paragraph 19 of the Complaint consists of legal conclusions, Defendants are not required to respond. To the extent that paragraph 19 of the Complaint consists of factual allegations, Defendants deny all allegations of paragraph 19, expressly deny that MetLife acted contrary to the Plan, and deny that Plaintiff is or at any relevant time was disabled under the terms of the Plan and/or eligible for Plan benefits.

20. To the extent that paragraph 20 of the Complaint consists of legal conclusions, Defendants are not required to respond. To the extent that paragraph 20 of the Complaint consists of factual allegations, Defendants deny all factual allegations of paragraph 20, and expressly deny that Plaintiff is entitled to relief of any type or kind whatsoever.

21. In response to paragraph 21 of the Complaint, Defendants incorporate herein by reference, as though set forth in full, paragraphs 1 through 20 above, inclusive.

22. Paragraph 22 of the Complaint consists solely of legal conclusions and Defendants are therefore not required to respond.

23. Paragraph 23 of the Complaint consists solely of legal conclusions and Defendants are therefore not required to respond.

24. Paragraph 24 of the Complaint consists solely of legal conclusions and Defendants are therefore not required to respond.

25. To the extent that paragraph 25 of the Complaint consists of legal conclusions, Defendants are not required to respond. To the extent that paragraph 25 of the Complaint consists of factual allegations, Defendants deny all factual allegations of paragraph 25, and expressly deny that MetLife has breached any fiduciary duties or otherwise violated ERISA.

26. To the extent that paragraph 26 of the Complaint consists of legal conclusions,

Defendants are not required to respond. To the extent that paragraph 26 of the Complaint consists of factual allegations, such allegations are incomprehensible. To the extent that paragraph 26 of the Complaint alleges that MetLife has approved claims of persons who in fact are ineligible for benefits, as Plaintiff was ineligible for benefits, such allegations are denied. Defendants deny the remaining factual allegations in paragraph 26 of the Complaint, and expressly deny that MetLife has breached any fiduciary duties or otherwise violated ERISA and deny that Plaintiff is entitled to any relief whatsoever.

27. In response to paragraph 27 of the Complaint, Defendants incorporate herein by reference, as though set forth in full, paragraphs 1 through 26 above, inclusive.

28. Paragraph 28 of the Complaint consists solely of legal conclusions and Defendants are therefore not required to respond.

29. To the extent that paragraph 29 of the Complaint consists of legal conclusions, Defendants are not required to respond. To the extent that paragraph 29 of the Complaint consists of factual allegations, Defendants deny all factual allegations of paragraph 29.

30. In response to Plaintiff's prayer for relief, Defendants expressly deny that Plaintiff is or may be entitled to attorneys fees, costs, Plan benefits, interest, or any other form of relief, or to any other remedy of any type, or in any amount or amounts, with regard to matters set forth in the Complaint. Defendants further expressly deny that there is a factual or legal basis on which any dispute between Plaintiff and Defendants could or should be resolved in favor of Plaintiff.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted against these Defendants.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims, and each of them, are barred by applicable statutes of limitation.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which attorneys' fees or costs can be awarded.

**FOURTH AFFIRMATIVE DEFENSE**

Each action of Defendants and of their fiduciaries, delegates and agents with respect to the matters alleged in the Complaint, if any such action was taken, was at all times done in good faith and for proper reasons.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the fact that any decisions made by Defendants or by others on behalf of Defendants were not arbitrary or capricious, but rather were reasonable in light of the evidence submitted by Plaintiff and the complete administrative record, and were reasonably based on the facts as determined and understood by them and on the terms and conditions of the Plan and applicable law.

### NINTH AFFIRMATIVE DEFENSE

All of the actions of Defendants, and of those persons and entities who acted on behalf of Defendants with regard to any matter as alleged in the Complaint, if any, were permitted and/or were required by the applicable law and the terms of the Plan.

### TENTH AFFIRMATIVE DEFENSE

All determinations made by Defendants or by others on behalf of Defendants with respect to Plaintiff's claims were made in the interest of all the Plan's participants and beneficiaries as a whole, and in accordance with the terms and conditions of the Plan and applicable law.

### ELEVENTH AFFIRMATIVE DEFENSE

None of the claims being pursued in the Complaint is payable under the terms and conditions of the Plan.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with each and all of the terms and conditions of the Plan, and for that reason the claims attempted to be stated in the Complaint are not payable.

### THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff is entitled to any Plan benefits, which Defendants deny, such payment must be reduced and offset by any other income, benefits or set-offs as defined in the Plan, that were or may be payable to her.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff is barred in whole or in part due to her own delay or failure to disclose or provide information pertaining to the allegations in her Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff may be found by the Court to be entitled to any benefits at this time, the possibility of which Defendants expressly deny, such immediate entitlement would not entitle Plaintiff to unlimited future benefits given, *inter alia*, the possibility that she may recover in the future from any disabling conditions, the existence of which is denied, as well as the effect of other Plan requirements, exclusions and/or limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff may be found to be entitled to recover any benefits, the possibility of which Defendants expressly deny, any such benefits will be limited pursuant to the terms and conditions of the Plan.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to set out her claims with sufficient particularity to permit Defendants to raise all potentially appropriate defenses, and Defendants therefore reserve the right to add further defenses as the bases for Plaintiff's purported claims become known, pursuant to the provisions of Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants pray for relief as follows:

1. That Plaintiff take nothing by way of her Complaint;
2. That judgment be entered in favor of Defendants and against Plaintiff;
3. That Defendants be awarded their costs of suit incurred in this action;

1    4.      That Defendants be awarded their attorneys' fees incurred in this action under 29 U.S.C. § 1132; and

2    5.      For such other and further relief as the Court deems just and proper.

DATED:  May 19, 2008            SEDGWICK, DETERT, MORAN & ARNOLD LLP


By: /s/ Rebecca A. Hull
    Rebecca A. Hull
    Shawn M. Wrobel
    Attorneys for Defendants
    Metropolitan Life Insurance Company and
    Bank of America Long Term Disability Benefits Plan
    (erroneously sued as
    Bank of America Long Term Disability Plan)

SF/1500329v1

-9-                               CASE NO. CV 08-01375 PJH
DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY AND BANK OF AMERICA LONG TERM DISABILITY BENEFITS PLAN'S ANSWER TO PLAINTIFF'S COMPLAINT