PATRICIA K. GILLETTE, STATE BAR NO. 74461
pgillette@orrick.com
KRISTEN M. JACOBY, STATE BAR NO. 243857
kjacoby@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

Attorneys for Defendant
BANK OF AMERICA GROUP BENEFITS PROGRAM
(erroneously identified by Plaintiff as "Bank of America")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENA MONZON RAMOS,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, a corporation, in its capacity as administrator of the BANK OF AMERICA LONG TERM DISABILITY PLAN; METROPOLITAN LIFE INSURANCE COMPANY, a corporation, in its capacities as a fiduciary and an administrator of the BANK OF AMERICA LONG TERM DISABILITY PLAN; and BANK OF AMERICA LONG TERM DISABILITY PLAN an ERISA-regulated employee benefit plan,<br><br>Defendants. | Case No. 3:08-cv-01375 PJH<br><br>**DEFENDANT BANK OF AMERICA GROUP BENEFITS PROGRAM'S ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974** |

Defendant Bank of America Group Benefits Program's (erroneously sued as Bank of America) responds to the Complaint for Declaratory Relief filed by Plaintiff Lena Monzon Ramos ("Plaintiff") as follows:

## JURISDICTION

1. The allegations are legal conclusions containing no factual allegations and,

thus, Defendant is not required to admit or deny the allegations in paragraph 1 of Plaintiff's Complaint.

**VENUE**

2. The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 2 of Plaintiff's Complaint.

**PARTIES**

3. The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in the first sentence of paragraph 2 of Plaintiff's Complaint. Defendant is informed and believes that during her employment with Bank of America, National Association, Plaintiff was a resident of Pittsburg, California. Except as so expressly admitted, Defendant denies the allegations in the second sentence of paragraph 3 of Plaintiff's Complaint.

4. The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 4 of Plaintiff's Complaint. Defendant expressly denies that the Plan was administered in San Francisco County, California.

5. Defendant alleges and avers that Bank of America Corporation is a Delaware Corporation that was formed under the laws of the State of Delaware, has its principal place of business in Charlotte, North Carolina, is licensed to do business in California, and does business in California. Defendant further alleges and avers that Bank of America Corporation Corporate Benefits Committee is the Plan Administrator for the Bank of America Group Benefits Program. Except as so expressly admitted, Defendant denies the allegations in paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that Defendant Metropolitan Life Insurance Company ("MetLife") acts as Claims Administrator of the Bank of America Long Term Disability Plan ("the Plan"), exercised discretion over the administration of the Plan including, but not limited to, making benefits determinations, and is the entity that funds the benefits. Except as so expressly

admitted, the allegations are legal conclusions, which Defendant is not required to admit or deny, and/or Defendant denies each and every allegation in paragraph 6 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

7. Defendant alleges and avers that Plaintiff was an employee of Bank of America, National Association. Defendant further alleges and avers that as of November 18, 2004, Plaintiff's last day worked at Bank of America, National Association, the position to which she was assigned was Senior Operations Representative. Except as so expressly admitted, Defendant denies each and every allegation contained in the first sentence of paragraph 7 of Plaintiff's Complaint. Defendant lacks information or knowledge sufficient to respond and, on that basis, denies each and every allegation contained in the second and third sentences of paragraph 7 of Plaintiff's Complaint.

8. Defendant lacks information or knowledge sufficient to respond and, on that basis, denies each and every allegation contained in paragraph 8 of Plaintiff's Complaint.

9. Defendant lacks information or knowledge sufficient to respond and, on that basis, denies each and every allegation contained in paragraph 9 of Plaintiff's Complaint.

10. Defendant lacks information or knowledge sufficient to respond and, on that basis, denies each and every allegation contained in paragraph 10 of Plaintiff's Complaint.

11. Defendant denies each and every allegation contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant admits that it responded to Plaintiff's request by providing her with a set of plan documents. Except as so expressly admitted, Defendant denies each and every allegation contained in paragraph 12 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION
## (Claim for LTD Benefits and for Clarification of Rights to Future Benefits Under the Terms of the Plan pursuant to ERISA Section 502(a)(1)(B)) [against all Defendants]

13. Defendant incorporates by reference its allegations, admissions and denials as set forth in paragraphs 1 through 12, inclusive.

14. The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 14 of Plaintiff's

Complaint.

15. The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendant denies each and every allegation contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant denies each and every allegation contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant denies each and every allegation contained in paragraph 18 of Plaintiff's Complaint.

19. Defendant denies each and every allegation contained in paragraph 19 of Plaintiff's Complaint.

20. Defendant denies each and every allegation contained in paragraph 20 of Plaintiff's Complaint.

**SECOND CAUSE OF ACTION**
**(Breaches of Fiduciary Duty)**
**[Against Defendants BofA and METLIFE]**

21. Defendant incorporates by reference its allegations, admissions and denials as set forth in paragraphs 1 through 20, inclusive.

22. The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 22 of Plaintiff's Complaint.

23. The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 23 of Plaintiff's Complaint

24. The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 24 of Plaintiff's Complaint.

25. Defendant denies each and every allegation contained in paragraph 25 of

Plaintiff's Complaint.

26. Defendant denies each and every allegation contained in paragraph 26 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION
**(Failure to Provide Documents)**
**[Against Defendant BofA]**

27. Defendant incorporates by reference its allegations, admissions and denials as set forth in paragraphs 1 through 22, inclusive.

28. The allegations are legal conclusions containing no factual allegations and, thus, Defendant is not required to admit or deny the allegations in paragraph 28 of Plaintiff's Complaint.

29. Defendant denies each and every allegation contained in paragraph 29 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second and Third Causes of Action, Defendant alleges:

1. Plaintiff lacks capacity or standing to bring this action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second and Third Causes of Action, Defendant alleges:

2. Plaintiff failed to state facts sufficient to constitute a cause of action.

### THIRD AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second and Third Causes of Action, Defendant alleges:

3. Plaintiff failed to take reasonable steps to avoid harm.

### FOURTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second and Third Causes of

Action, Defendant alleges:

4. Plaintiff's claims for deprivation of benefits are barred by the failure of Plaintiff, in whole or in part, to exhaust internal review procedures mandated by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Sections 1001, *et seq*.

**FIFTH AFFIRMATIVE DEFENSE**

As and for an affirmative defense to Plaintiff's First, Second and Third Causes of Action, Defendant alleges:

5. Plaintiff's claims for deprivation of benefits are preempted by ERISA and the claims for damages, if any, that are recoverable are limited by ERISA. 29 U.S.C. §§ 502(a)(2)(B) and 514, 29 U.S.C. §§ 1132(a)(1)(B) and 1144.

**SIXTH AFFIRMATIVE DEFENSE**

As and for an affirmative defense to Plaintiff's First, Second and Third Causes of Action, Defendant alleges:

6. Plaintiff failed, in whole or in part, to exhaust her administrative remedies in a timely manner and/or the grievance procedures applicable to the disputes alleged in Plaintiff's Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

As and for an affirmative defense to Plaintiff's First, Second and Third Causes of Action, Defendant alleges:

7. Defendant's performance under the alleged contract, if any, was excused and prevented within the meaning of Cal. Civ. Code Section 1511.

**EIGHTH AFFIRMATIVE DEFENSE**

As and for an affirmative defense to Plaintiff's First, Second and Third Causes of Action, Defendant alleges:

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

As and for an affirmative defense to Plaintiff's First, Second and Third Causes of Action, Defendant alleges:

9. Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver and/or estoppel.

**TENTH AFFIRMATIVE DEFENSE**

As and for an affirmative defense to Plaintiff's First, Second and Third Causes of Action, Defendant alleges:

10. Plaintiff's recovery, if any, of economic damages based upon the Complaint and each purported cause of action therein must be offset by other income and benefits that Plaintiff receives.

**ELEVENTH AFFIRMATIVE DEFENSE**

As and for an affirmative defense to Plaintiff’s First, Second and Third Causes of Action, Defendant alleges:

11. Plaintiff's recovery, if any, of non-economic damages based upon the Complaint and each purported cause of action alleged therein is limited to the percentage of fault, if any, attributable to Defendant as provided in the Fair Responsibility Act of 1986, California Civil Code Sections 1431-1431.5.

**TWELFTH AFFIRMATIVE DEFENSE**

As and for an affirmative defense to Plaintiff's First, Second and Third Causes of Action, Defendant alleges:

12. Defendant is not legally responsible for the acts and/or omissions of Metropolitan Life Insurance Company and/or any other insurance company that purportedly insured Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As and for an affirmative defense to Plaintiff's First, Second and Third Causes of Action, Defendant alleges:

13. To the extent Defendant is liable, if at all, for Plaintiff's claims, the fact and extent of which Defendant expressly denies, Defendant may be entitled to indemnification, contribution and/or equitable apportionment of such claims among all other parties responsible for Plaintiff’s claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second and Third Causes of Action, Defendant alleges:

14. Plaintiff's damages, the fact and extent of which are expressly denied, were proximately caused by intervening, superseding and/or supervening acts or omissions for which Defendant has no liability, or the acts or omissions of third parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second and Third Causes of Action, Defendant alleges:

15. Defendant exercised reasonable care to prevent and correct promptly any alleged unlawful behavior and Plaintiff failed to take advantage of preventive and corrective opportunities offered by Defendant and/or otherwise to avoid harm.

## SIXTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second and Third Causes of Action, Defendant alleges:

16. All of the alleged acts and conduct of Defendant of which Plaintiff complains were privileged and/or justified.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second and Third Causes of Action, Defendant alleges:

17. Any and all acts, occurrences and damages alleged or referred to in the Complaint were proximately caused by the bad faith of Plaintiff in that Plaintiff failed to deal fairly, honestly and reasonably with Defendant; therefore, the comparative bad faith of Plaintiff reduces her right to recover, if any, by the amount which her bad faith contributed to the damages alleged.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense to Plaintiff's First, Second and Third Causes of Action, Defendant alleges:

18. Plaintiff has failed, and continues to fail, to take reasonable steps to mitigate her damages.

**NINETEENTH AFFIRMATIVE DEFENSE**

As and for an affirmative defense to Plaintiff's First, Second and Third Causes of Action, Defendant alleges:

19. Defendant's actions were for a legitimate business purpose necessary for the safe and efficient operation of the Program and/or Plan.

**TWENTIETH AFFIRMATIVE DEFENSE**

As and for an affirmative defense to Plaintiff's First, Second and Third Causes of Action, Defendant alleges:

20. Plaintiff's claims are barred, in whole or in part, by the applicable Statute of Limitations including, but not limited to, 29 U.S.C. Sections 1001, *et seq.*

**CLAIM FOR ATTORNEYS' FEES AND COSTS**

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

As and for an affirmative defense to Plaintiff's claim for attorneys' fees and costs, Defendant alleges:

21. Plaintiff is not entitled to recover attorneys' fees and costs as demanded in Plaintiff's Complaint based on her theories of recovery.

WHEREFORE Defendant prays:

1. That Plaintiff's Complaint be dismissed in its entirety;

2. That Plaintiff take nothing by her Complaint;

3. That Defendant be awarded attorneys' fees and its costs of suit; and

4. That Defendant be granted such other and further relief as this Court may deem appropriate.

Dated: July 11, 2008

PATRICIA K. GILLETTE
KRISTEN M. JACOBY
Orrick, Herrington & Sutcliffe LLP

/s/ Kristen M. Jacoby

PATRICIA K. GILLETTE
KRISTEN M. JACOBY
Attorneys for Defendant
BANK OF AMERICA GROUP BENEFITS PROGRAM